By the Court,

Welles, P. J.
The first cause of demurrer specified, is unfounded in fact. The summons required the defendant therein, Foster,) to appear, &e. to answer, &c. in a plea of trespass on the case, to the plaintiff’s damage, $100 or under, <fcc. The damages claimed did not exceed $100. The justice therefore had jurisdiction, so far as the question of the amount was concerned. The second cause of demurrer assigned is, that the plea does not show that the action, in which the summons, upon the return of which the warrant was issued, was brought before a justice of the town where either of the parties resided, or before a justice of a town in the same county, next adjoining the residence of either of the parties; nor that Foster had absconded, &c. The first section of the act, entitled “ of courts held by justices of the peace,” (2 R. S. 225,) gives jurisdiction to justices generally in certain specified cases, embracing the subject matter of the action, in which the summons mentioned .in the plea, was issued. The 8th section contains the limitation in question. We think it is in the nature of an exception in a statute, to obtain the benefit of which, it must always be pleaded by the party seeking to bring himself within its provisions. Eo presumption will be indulged in order to oust the justice of jurisdiction, where enough is shown to bring the case within *551 the general language of the act which confers the jurisdiction. We are referred to the case of Tiffany v. Gilbert, (4 Barb. S. C. Rep. 320,) as deciding this question for the plaintiff. Without questioning the law of that case, it is sufficient to observe, that the question there did not arise collaterally, as here, but came up directly in review upon a special assignment of the fact, as error. The above mentioned rule, that the fact which deprives the justice of jurisdiction, will not, under the circumstances, be presumed, could not have applied in that case, because the fact was shown in the assignment of errors, and was admitted upon the record. In the same case the court say, “ the jurisdiction was made local by statute; not in such a sense as to render the judgment coram non judice, as though a justice had entertained jurisdiction in an action of slander, but in a sense that rendered the judgment erroneous.”
The same reasoning disposes of the third cause of demurrer assigned, in favor of the defendant. (See Hoose v. Sherrill, 16 Wend. 33.)
As to the fourth cause of demurrer, the plea shows that the constable duly served the summons, &c. by leaving a true copy, &c. with a member of the family of Foster, at his last place of abode, &c. with information of its contents, “ the said William Foster not being found;” and that a constable indorsed a return in writing on the back of the summons, of the time and particular manner of service, &c. in substance and effect following, viz. “ Served by copy, March 13th, 1847, Joel B. Palmer, const.” Whatever might be said, if the case was before us in review of the proceedings of the justice, on writ of error, we think it clear, that the return of the constable is not shown to have been such a wide departure from the statute, as to amount to a jurisdictional defect. (Bromley v. Smith, 2 Hill, 517.) The averment in the plea, of the facts, aside from the return of the constable, on the summons, shows a strict compliance with the statute. The return was, “ served by copy, March 13th, 1847.” The 18th section of the act authorizes a warrant “ against the defendant upon whom a summons shall have been served only by leaving a copy, or in any other way than by reading or *552 delivering a copy to him personally, and who shall not have appeared at the time and place appointed in such summons, nor shown good cause for not appearing.” The return of the constable shows that the summons was served, but does not show, nor does it appear that it was served by reading or delivering a copy personally; and the plea shows that Foster did not appear, or show good cause for not appearing, <fcc. It therefore did appear before the justice, by the constable’s return, that the summons was served otherwise than by reading, or delivering a copy personally; and Foster not appearing, &c. nor showing cause, &c. the way was clear for issuing a warrant.
In regard to the fifth cause of demurrer, the same difficulty exists, as to the first, viz. a want of foundation in fact. The plea does aver that the said William Foster did not appear, nor show good cause for not appearing.
The observations in relation to the fourth cause of demurrer, dispose of the sixth, in the defendant’s favor. (Hart v. Seixas, 21 Wend. 47. Bromley, v. Smith, and Hoose v. Sherrill, supra.)
As to the seventh cause of demurrer, in the language of the defendant’s sixth point, “ The court will not assume the existence of a fact not alledged by either party, in order to render null the proceedings of an inferior court.” If the summons set forth in the plea, was not the first one issued in the cause, or if the warrant was not issued on the return of the summons set forth, the plaintiff should have shown it in pleading. (See the authorities last cited.)
There is nothing in the remaining three causes of demurrer assigned. They are utterly frivolous. Besides, the last two are untrue.
There is, however, one ground of demurrer not adverted to in the special causes assigned, but which was urged upon the argument, and which we think is good; to wit: that the plea, which assumes to answer the whole declaration, only justifies the 1m-prisonment, and does not answer the beating charged in the second and fourth counts. The plea is to all four of the counts, and can not be sustained, unless it amounts to a legal answer *553 to each and all of them. If there was no beating committed in executing the warrant, the plea should have denied the beating alledged; or if beating became necessary in consequence of the conduct of the plaintiff, such, for example, as resisting its execution, the plea should have shown the facts, and pleaded molliler manus imposuit, as to the beating, in order to execute the warrant, and should have denied the residue of the trespasses alledged in the declaration, except what the plea justified.
[Monroe General Term,
September 2, 1850.
There must, therefore, be judgment for the plaintiff on the demurrer, with leave to the defendant to amend, &c. And as the plea is adjudged bad, for a cause not specified in the causes of demurrer assigned, such amendment may be without costs. (Law rule 82, rules of July, 1847.)
Ordered accordingly.
Welles, Selden and Johnson, Justices.]